Battle, J.
 

 This case preseuts the interesting question, whether a person, claiming to be a creditor of a decedent’s estate, can bring an action of debt upon an administration bond against the administrator and hissureties, until he lias established his debt, by a judgment, against the administrator alone, fixing him with assets. This precise question has never yet, so far as we are aware, been brought before this Court for adjudication, but we think the principles upon which it should be decided, have been, on several occasions, incidentally laid down by our predecessors.
 

 In the case of
 
 Washington
 
 v.
 
 Hunt,
 
 1 Dev. Rep. 475, the .counsel, for the defendant, made a very able and elaborate argument to prove, that the bond, which an administrator is compelled to give upon taking out letters of administration upon an estate, was not intended for the benefit of creditors, but only for the next of kin, and that, therefore, a suit could not be sustained upon it at the instance of a creditor ; but the Court felt itself constrained, for the reasons given in the opinion of Judge ÍÍENDERSON, to decide otherwise ; and the propriety of the decision has never been questioned. In that case, however, and the subsequent one of
 
 Smith
 
 v. Fagan, 2 Dev. Rep. 298, the creditor had previously to the suit upon the administration bond, obtained a judgment against the administrator, in which it was found or'admitted, that he had assets. In the latter case, it was said expressly, that the suit, on the administration bond, might be brought, without a previous judgment against the administrator, in debt
 
 for a devastavit:
 
 but the case did not require an expression of opinion upon the point now before us. These decisions, however, establish beyond doubt, that an administration bond is given as much for the security of creditors, as of the next of kin. We may well suppose, therefore, the same rules by which proceedings may be had upon them by the latter class of persons, will prevail in favor of the former.
 

 
 *244
 
 In the case of
 
 Williams
 
 v.
 
 Hides, 1
 
 Murph. Rep. 437, and also in
 
 Chairman
 
 v.
 
 Moore,
 
 1 Murph. Rep. 22, it was decided that the next of kin, of an intestate, may bring suit upon the administration bond against the sureties thereto, without any previous proceeding against the administrator, although he has made no settlement of his administration with the Court, nor filed an account current; and we believe such lias been the uniform practice ever since. If then, a suit can be brought upon the administration bond by the next of kin, without a previous proceeding against the admisintrator himself, why not permit a creditor to do so. The duties and liabilities of the administrator, with respect to the creditors, are quite as great as they are with regard to the next of kin, and the inconveniences to the sureties will be as annoying in the one case as in the other. Indeed, in one particular, it will be better for the sureties that a creditor should sue upon the bond, at once, without obtaining a previous judgment against the administrator, because they would be at liberty to contest the validity of the debt, as well as the amount of assets, whereas, if a judgment had been obtained against the administrator, they would be concluded as to the debt, though not as to the assets;
 
 Armstead
 
 v.
 
 Hammond,
 
 4 Hawks’ Rep. 339. The difficulties imposed upon the defendants in suits upon administration bonds, have been.much diminished ever since the passing of an act in the Revised Statutes, which authorised the Courts, where such suits were brought, to refer them to the clerk or some other person, as a commissioner, to state an account of the administration, under the same rules and regulations which prevail in stating accounts in courts of Equity. See 1 Rev. Stat., ch. 31, sec. 119; Revised Code, ch. 31, sec. 114.
 

 In opposition to the conclusion, at which we have arrived, the connsel for the defendant has cited, and relied upon the case of
 
 Ferebee
 
 v.
 
 Baxter,
 
 12 Ired. Rep. 64. That case, however, will be found to establish nothing more than that where the administrator has died before the estate has been fully and finally settled, there must be an administrator
 
 de bonis non
 
 
 *245
 
 appointed, who alone can collect what may be still due the estate, and upon whom alone the creditors and next of kin can call for the payment of their debts, or distributive shares. See
 
 State
 
 v.
 
 Johnston.
 
 8 Ired. Rep. 397;
 
 State
 
 v. Brittain, 11 Ired. Rep. 110;
 
 State
 
 v. Moore, Ibid 160 and
 
 Duke,
 
 v.
 
 Fere
 
 bee, decided at the present term, (ante 10.)
 

 It the case now before us, it was not proved at the trial, nor does it appear to us in any way, that the administrator was dead, and we cannot, therefore, perceive any good reason, consistent with the. well established principles of former decisions, why the creditor should not sustain his action upon the administration bond, though he had not obtained a previous judgment against the administrator.
 

 Per Curiam,
 

 Judgment affirmed.